UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6119-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **NIGHT BOX FILED** |
| ROD STIDHAM, | JUN 2 2000 |
| Defendant. | CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL |

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  There is an one audiotaped confession made by the defendant ROD STIDHAM. A copy of that audiotape has been provided to defense counsel together with this discovery response. A transcript of that confession will be provided to defense counsel upon receipt by the undersigned.

2.  Other than the statements identified in paragraph A1, there are no other oral statements made by the defendant.

3.  Defendant ROD STIDHAM did not testify before the Grand Jury.

4.  The NCIC record of the defendant ROD STIDHAM has been provided to defense counsel together with this discovery response.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for June 8, 2000, at 1:30 p.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.



   Copies of books, papers, documents and photographs which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this discovery response. The attachments to this discovery response, however, are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

  6. A laboratory analysis of the substance seized in connection with this case has been provided to defense counsel together with this discovery response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point in time, the government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was identified in a six-person photo spread. A copy of the photo spread has been provided to defense counsel together with this discovery response.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future

2

|     |     |
| --- | --- |
|     | discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant ROD STIDHAM is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.  | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice

3

of Alibi defense; the approximate time, date, and place of the offense was:

>Time: Between 10:30 p.m. and 11 p.m.
>Date: April 23, 2000
>Place: 80 Degrees North by 24 to 26 degrees west, and the surrounding environs

>Time: Between 12. A.m. and 2 a.m.
>Date: April 27, 200
>Place: 1712 SW 24th Street

The attachments to this response are numbered pages __1__ - __383__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

>Respectfully submitted,
>
>GUY A. LEWIS
>UNITED STATES ATTORNEY
>
>By: _____
>Bertha R. Mitrani
>Assistant United States Attorney
>Florida Bar No. 88171
>500 East Broward Boulevard
>Fort Lauderdale, Florida 33394
>Tel: 954/ 356-7255
>Fax: 954/356-7336

cc:   Special Agent Redpath
      DEA

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by facsimile (305/358-1926) and Federal Express mail this 2 day of June, 2000 to

Stuart Adelstein, Esquire

Adelstein & Matters

1435 South Miami Avenue

Miami, Florida 33130

Bertha R. Mitrani
Assistant United States Attorney

5