UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  CASE NO. 00-6119-Cr-ZLOCH(s)

Plaintiff,

vs.

ROD STIDHAM,

**MOTION FOR DOWNWARD DEPARTURE**

Defendant.
_____/

COMES NOW the Defendant, ROD STIDHAM, by and through his undersigned counsel, and files this his Request for Downward Departure, and as grounds therefore states as follows:

1. That 3B1.2 of the Federal Sentencing Guidelines provides "**a)** if the defendant was a minimal participant in any criminal activity decrease by four (4) levels, **b)** if the defendant was a minor participant in any criminal activity, decrease by two (2) levels. In cases falling between A and B, decrease by three (3) levels.";

2. That according to the application notes of Section 3B1.2, subsection A applies to a defendant who plays a minimal role in concerted activities and a minor participant means any participant who is less culpable than most other participants but whose role could not be described as minimal.

3. That in the instant case, Defendant STIDHAM's conduct falls between minor and minimal participant;

4. That in *United States vs. McDonald*, 22 F.3rd 139 (7th Cir. 1994), Mr. McDonald pled guilty to aiding and abetting the counterfeiting of U.S. currency. At his sentencing hearing, McDonald argued that he was entitled to a four point reduction as a minimal participant. The district court adjusted McDonald's role as a minor participant and reduced his base offense level by two

196

points. In that case, McDonald was fully aware of each of the participants in the counterfeiting activity and assisted in each step of the process. The court held that although that knowledge and activity could preclude a reduction for minimal role, it did not preclude a reduction for minor role because some assistance and awareness of the criminal activity is consistent with a minor participant. *United States vs. McDonald,* 22 F.3rd at 144;

5. That in *United States vs. Veloza*, 83 F.3rd 380 (11th Cir. 1996), this court held that the fact that a courier plays an essential role in an importation scheme does not alone necessarily preclude him from receiving a reduction for a minor role. In the instant case, a two level reduction for a minor role is warranted in that he is certainly less culpable than most of the other co-defendants;

6. That additionally, the Defendant would assert that the crime he committed herein constitutes aberrant behavior on his part. The Defendant has always been a hard working, law abiding citizen and as indicated in the Presentence Investigation Report the Defendant has zero criminal history points and a criminal history category of 1;

7. That the Defendant's involvement in the instant case is totally out of character for him;

8. That the Defendant's conduct in the instant case was totally atypical of his conduct. His actions herein were spontaneous and seemingly thoughtless and allowing himself to get caught in this web of illegal activity which resulted in his commission of the crime which resulted in his conviction. See, *United States vs. Fairles*, 975 F.2d 664 (9th Cir. 1992); *United States vs. Tsosie* 14 F.3rd 1438 (10th Cir. 1994).

9. That it should be made clear that the Defendant by this motion does not suggest to this Court that he is a victim of any entrapment or that he is trying to minimize his role in the offense to which he clearly pled guilty and attempted to take the necessary steps to rectify his wrong.

Rather, the Defendant simply suggests that through his counsel in this cause he exercised extremely poor judgment which is totally out of character for him and the example he has attempted to set for his family.

WHEREFORE, the Defendant, ROD STIDHAM, respectfully request this Honorable Court find that a downward departure is warranted under the facts of this case as set forth in his motion.

Respectfully submitted,

Law Offices of Adelstein & Matters, P.A.
1435 S. Miami Avenue
Miami, FL   33130
Telephone: (305) 358-9222
Fax: (305) 358-1926

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ day of November, 2000, to Tracy L. Webb, U.S. Probation Officer, 299 E. Broward Blvd. Room 409, Ft. Lauderdale, FL    33301-1865, and Bertha R. Mitrani, AUSA, Office of the U.S. Attorney, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, FL   33301-3002.

Stuart Adelstein, Esq.